```
                IN THE UNITED STATES DISTRICT COURT
                FOR THE NORTHERN DISTRICT OF TEXAS
                        FORT WORTH DIVISION
```

SHEILA LEWIS, §
Petitioner, §
 §
VS. § CIVIL ACTION NO.4:10-CV-698-Y
 §
JOE KEFFER, Warden, §
FMC-Carswell, §
    Respondent. §

ORDER ADOPTING
MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
(With special instructions to the clerk of Court)

In this action brought by petitioner Sheila Lewis under 28 U.S.C. § 2241, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 7, 2011; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on February 15, 2011.[1]

The Court, after **de novo** review, concludes that the Petitioner's objections must be overruled, that the Respondent's motion to dismiss must be granted, and the petition for writ of habeas corpus under 28 U.S.C. § 2241 should be dismissed for lack of jurisdiction, for the reasons stated in the magistrate judge's

---

[1] On February 15, 2011, petitioner Lewis filed a document entitled "Response to Respondent's Motion to Dismiss." As Lewis has not otherwise filed written objections, and as the response was filed after Lewis's receipt of the magistrate judge's report, the Court will also construe the February 15, 2011, response as written objections to the magistrate judge's report. The clerk of court should note this on the docket.

findings and conclusions.[2]

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED, as modified.

---

[2]Lewis did not assert any objections to the magistrate judge's report as to her challenge to the aggravated identity- theft conviction under 18 U.S.C. § 1028A(a)(1), and thus the findings, conclusions, and recommendation as to that ground are adopted as stated.

Lewis did assert what has been construed as objections to the magistrate judge's report as to her challenge to the wire-fraud conviction. As determined by the magistrate judge, as Lewis was not convicted of any offenses involving the honest-services doctrine, the decision of the Supreme Court in *Skilling v. United States,* 130 S.Ct. 2896 (2010) has no relevance and is not applicable. The magistrate judge also determined that the *Skilling* decision is not a retroactively-applicable decision for purposes of the first element in the test for determining whether a § 2241 petition may be filed consistent with the "savings clause" of § 2255. The respondent has now acknowledged to this Court that the *Skilling* decision **is** retroactive for such purposes. *See Edelman v. Keffer,* No.4:10-CV-531-Y (April 26, 2011, Response.) As the *Skilling* case is not applicable to Lewis's wire-fraud conviction, that *Skilling's* being retroactive does not change the resolution of her § 2241 petition.

Lewis argues in her objections that although she was not expressly indicted for a scheme or artifice to defraud under a deprivation-of-honest services theory under 18 U.S.C. § 1346, because the wire-fraud statute, 18 U.S.C. § 1343, under which she was convicted includes as a violation a "scheme or artifice to defraud," she was "held accountable for § 1346." Lewis is mistaken. As another district court recently explained:

> DeGuzman seems to view the honest services provision of 18 U.S.C. § 1346 as interchangeable with all references to "scheme or artifice to defraud" in the fraud statute. Section 1346 however, only states that a "scheme or artifice to deprive another of the intangible right of honest services" is *included* in the definition "scheme or artifice to defraud." The honest services provision is therefore not the only way to commit a scheme or artifice to defraud. *Skilling* expressly applies only to the honest services provision, holding that in the context of honest services, only a bribe or kickback constitutes a "scheme or artifice to defraud." *Skilling,* 130 S.Ct. at 2930-31. This limitation is not extended to any other "scheme or artifice to defraud" criminalized by the fraud statutes.

*DeGuzman v. United States,* No. SA-10-CA-951-XR, No.SA-08-403(2)-XR, 2011 WL 777934, at *2 (W.D.Tex. Feb. 25, 2011). As in *DeGuzman*, *Skilling's* limitation on honest-services fraud does not extend to the wire-fraud violation for which Lewis was convicted. *See generally Skilling,* 130 S.Ct. at 2926 ("unlike fraud in which the victim's loss of money or property supplied the defendant's gain with one the mirror image of the other, the honest-services theory targeted corruption that lacked similar symmetry. While the offender profited, the betrayed party suffered no deprivation of money or property; instead a third party, who had not been deceived, provided the enrichment")(citations omitted).

The magistrate judge's report as to the challenge to the wire-fraud conviction is adopted as modified herein.

Respondent Keffer's motion to dismiss (doc. 8) is GRANTED.

Sheila Lewis's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED for lack of jurisdiction.

SIGNED June 14, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE